# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**DAVID GEORGE CLARK,**

      Petitioner,

v.

**STATE OF OKLAHOMA,**

      Respondent.

Case No. 25-CV-0140-SEH-SH

## ORDER IMPOSING FILING RESTRICTIONS

In an Order filed May 8, 2025, this Court notified Petitioner David George Clark of the Court's intent to impose filing restrictions against him based on his repetitive filing of unauthorized successive habeas petitions seeking relief under 28 U.S.C. § 2254 and challenging the lawfulness of his custody under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2010-1906. ECF No. 4. The Court advised Clark that, "[a]bsent valid and timely objections," the Court would impose the following filing restrictions:

> Clark is prohibited from filing any document in this court, whether handwritten or on a court-approved form, to challenge the lawfulness of his custody under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2010-1906, unless: (1) he is represented by a licensed attorney; or (2) he obtains permission from the Chief Judge to file the document pro se. To request leave to file a pro se document that is otherwise prohibited by these filing restrictions, Clark must file a motion entitled "Motion for Leave to Proceed Pro Se." With the motion, Clark must submit: (1) a copy of the pro se document he wants to file; and (2) a copy of the written order he received from the Tenth

> Circuit authorizing him to file a successive habeas petition challenging the lawfulness of his custody under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2010-1906.

*Id.* at 7. The Court further advised Clark that if these filing restrictions are imposed, he must comply with them and, "[u]pon compliance with the above requirements for requesting leave to proceed pro se, the Chief Judge will review the motion, the proposed document, and the Tenth Circuit order, if any, to determine whether the proposed pro se document will be accepted for filing" and that "[a]ny pro se document submitted and not accepted for filing will be returned to Clark." *Id.*

The Court provided Clark with a deadline of May 28, 2025, to file an objection to these filing restrictions, and Clark timely filed an Objection on May 20, 2025. ECF No. 6. Clark objects to the imposition of filing restrictions for several reasons: "newly discovered evidence"; he has been denied a "fair hearing," "fundamental rights," and equal protection of the law; his view that he did not "abuse the judicial process" because he should be granted relief from a "miscarriage of justice done under case number CF-2010-1906"; this Court "is allowing" the violation of his rights under the "Social Security Act, Rehabilitation Act, Americans with Disabilities Act, U.S.C.A. Title 25 Indians, and etc."; and this Court "is being BIAS and Prejudicial against him in this case without just cause." *Id.* at 1-4. Clark

2

also states that the restrictions will not "keep him from filing . . . since he is fighting for his rights and to enforce his rights as well." *Id.* at 4. Having carefully considered Clark's objections, the Court finds none provides a persuasive argument against imposing filing restrictions. The Court thus overrules his Objection.

**IT IS ORDERED** that the filing restrictions described in this Court's May 8, 2025, Order [ECF No. 4] and restated herein shall be effective upon the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall immediately file and process in the normal course of business any pro se notice of appeal to the Tenth Circuit or any other filing related to an appeal submitted by Clark for filing in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall open an ongoing miscellaneous case for the purposes of accomplishing the procedures set forth in this Order.

**IT IS SO ORDERED** this 22nd day of May, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE